UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIERON DEMORN SMITH,

        Plaintiff,

vs.

CORRECTIONAL MEDICAL SERVICES,
INC., *et al.*,

        Defendant.

                                       /

Case No. 1:09-cv-26

Hon. Robert J. Jonker

**ORDER**

        Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on "plaintiff's motion for court order effectuating service of the summons and complaint upon defendants" (docket no. 54).

        Plaintiff seeks a court order to serve defendants Dr. Badawi Abdellatif and P.A. Nelson Spitter. On January 27, 2009, this court entered an "Order for Service" which required plaintiff to supply the court with 11 copies of the amended complaint and exhibits for service on the defendants. *See* docket no. 4. The order also directed the Court Clerk to arrange for service on defendants. *Id.*[1] The United States Marshals Service mailed summonses to the defendants on February 26, 2009, at the E.C. Brooks Correctional Facility in Muskegon, Michigan. *See* docket no. 55-2. In letters dated March 6, 2009, the litigation coordinator at the facility advised the court that he was unable to accept service for defendants because they were contractual employees through

---

[1] The order for service provided in pertinent part as follows, "IT IS FURTHER ORDERED that upon receipt of the copies required by the this order, the Clerk shall arrange for service of summons and complaint, along with a copy of this order, upon Defendants."

Correctional Medical Services and did not keep routine work schedules at the facility. *Id.* The Marshals Service then mailed the summonses to Abdellatif and Spitters c/o The Corporation Company in Bingham Farms, Michigan. *Id.* In a letter dated April 8, 2009, The Corporation Company advised the court that it was not the registered agent for either defendant. *Id.* Plaintiff now seeks to have the court effectuate service on both defendants.

"[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). While the Court Clerk and Marshals Service are obligated to arrange for service of process, it is the plaintiff's responsibility to provide proper addresses to serve the defendants. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). *See Herbert v. Roark*, No. 05-74754-DT, 2006 WL 1284695 (E.D. Mich. May 9, 2006) ("[i]n a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service").

Plaintiff's complaint did not provide the court with the addresses of Dr. Abdellatif and P.A. Spitter. However, in his brief, plaintiff states that both of these defendants "are employed on a daily basis at the E.C. Brooks Correctional Facility, 2500 South Sheridan Drive, Muskegon Heights, Michigan." Plaintiff's Brief at p. 2 (docket no. 55).

Fed. R. Civ. P. 4(e) provides for the service of a summons on an individual defendant as follows:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The applicable Michigan Court Rule, MCR 2.105(A), provides the method for serving an individual defendant:

> Process may be served on a resident or nonresident individual by
>
> > (1) delivering a summons and a copy of the complaint to the defendant personally; or
> >
> > (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A).

Plaintiff, as a *pro se* prisoner proceeding *in forma pauperis*, has relied on the Court Clerk Office and the United States Marshals Service to effect service of process on defendants. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). The record reflects that the Marshals Service attempted to serve defendants Dr. Abdellatif and P.A. Spitter via mail directed to the E. C. Brooks

Correctional Facility and the Corporation Company.  While service via certified mail is generally effective in prisoner civil rights cases, it was unsuccessful in this instance. Under these circumstances, personal service is appropriate.

Accordingly, plaintiff's motion (docket no. 54) is **GRANTED**.

**IT IS ORDERED** that the Clerk's Office shall re-issue the summonses to defendants Dr. Badawi Abdellatif and P.A. Nelson Spitter.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall personally serve a copy of the summons and complaint on defendants at the address provided by plaintiff.


Dated:  July 9, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

4